■ JOHN W. COWPER COMPANY, INCORPORATED, Respondent, v POTOMAC IRON WORKS, INC., Defendant. AETNA INSURANCE COMPANY et al., Appellants. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Supreme Court erred in denying the motions of Aetna Insurance Company (Aetna) and Fireman's Fund Insurance Company (Fireman's Fund) seeking to vacate the default judgment entered in favor of plaintiff and against Potomac Iron Works, Inc. (Potomac) and for leave to intervene and to interpose an answer in the action. A Bankruptcy Court order prohibited plaintiff from entering a default judgment "until such time that the Debtor [Potomac] appears in the lawsuit by insurance counsel". Neither Aetna nor Fireman's Fund appeared in the

action *(see,* CPLR 320 [a]). Entry of the default judgment violated the Bankruptcy Court order and must be vacated.

Further, the motions of Aetna and Fireman's Fund seeking dismissal of the complaint based upon General Obligations Law § 15-108 (c) lack merit. In our view, the complaint alleges a cause of action for indemnification. When we determine the sufficiency of a complaint, "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275). (Appeal from order of Supreme Court, Erie County, Forma, J.—vacate default judgment.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.